| | |
|---|---|
| Case No. CV 18-7962-MWF (AGRx) | Date: December 7, 2018 |
| Title: Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                            None Present

**Proceedings (In Chambers):** ORDER RE: PLAINTIFFS' MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [19] AND DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [22]

Before the Court are two motions:

First, there is the Motion to Remand Case to Los Angeles Superior Court (the "Remand Motion"), filed by Plaintiffs Patricia T. McNamara and Keith J. McNamara on October 12, 2018. (Docket No. 19). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed an Opposition on October 29, 2018 (the "Remand Opposition"). (Docket No. 24). Plaintiffs did not file an optional Reply.

Second, there is Wells Fargo's Motion to Dismiss First Amended Complaint (the "Dismissal Motion"), filed on October 25, 2018. (Docket No. 22). On November 8, 2018, Plaintiffs filed an Opposition. (Docket No. 27). Wells Fargo filed a Reply on November 19, 2018. (Docket No. 30).

The Court has read and considered the papers filed on the two motions and held a hearing on December 3, 2018. For the reasons discussed below, the two motions are ruled upon as follows:

- The Remand Motion is **GRANTED**. Wells Fargo is technically correct that the Court retains subject matter jurisdiction over the entire action. Plaintiffs' post-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-7962-MWF (AGRx)                    Date:  December 7, 2018
Title:    Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

removal filing of the First Amended Complaint ("FAC") as a matter of right pursuant to Rule 15(a) does not render a removal that was otherwise proper at the time of removal improper.  However, this conclusion simply means that the Court cannot dismiss the case for lack of subject matter jurisdiction and says nothing about whether Plaintiffs' post-removal joinder of non-diverse Defendants might otherwise require remand.  To scrutinize the propriety of a diversity-destroying amendment as a matter of right pursuant to Rule 15(a), the Court applies the standard in 28 U.S.C. § 1447(e).  Four of the six factors the Court must consider under § 1447(e) weigh in favor of remand.  Plaintiffs claim for quiet title appears facially valid and not intended solely to defeat federal jurisdiction.  The newly added non-diverse Defendants are necessary parties and their absence would prejudice Plaintiffs from fully pursuing their claims.

- The Dismissal Motion is **DENIED** *as moot*.  Wells Fargo may refile the Dismissal Motion as a demurrer in Superior Court.

## I. BACKGROUND

The facts and procedural history are well known to all parties.  Therefore, the Court will limit its recitation of facts to those necessary for context.

### A. Factual Background

Plaintiffs were a married couple, now separated.  Ms. McNamara previously lived with her minor children at the property located at 900 North Dianthus Street (the "Property"), which Plaintiffs acquired in 1998.  (FAC ¶¶ 1–2).  On October 13, 2005, Plaintiffs obtained a loan from Wells Fargo in the amount of $1,000,000, secured by a Deed of Trust.  (*Id.* ¶ 9, Ex. B).  On October 12, 2016, Defendant Northwest Trustee Services, Inc. ("Northwest") was substituted in as trustee and recorded a Notice of Default indicating that Plaintiffs were $42,347.07 in arrears.  (*See id.* ¶ 9, Ex. C).

On January 30, 2017, Wells Fargo recorded a Notice of Trustee's Sale, which was scheduled for February 24, 2017.  (*Id.* ¶ 17, Ex. D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-7962-MWF (AGRx)           Date:  December 7, 2018
Title:    Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

On February 23, 2017, Ms. McNamara filed a Chapter 13 bankruptcy, which was dismissed on April 3, 2017.  (*Id.* ¶ 18).  On May 10, 2017, she filed a second Chapter 13 bankruptcy.  (*Id.* ¶ 19).  The automatic stay in the second bankruptcy remained in place until the second bankruptcy was dismissed on July 28, 2017.  (*Id.*, Ex. I).

On June 16, 2017, while the automatic stay in the second bankruptcy was in effect, Northwest apparently sent notice to Plaintiffs that the trustee's sale on the Property was postponed to August 23, 2017.  (*Id.* ¶ 27).  Plaintiffs allege that they did not receive the notice.  (*Id.* ¶¶ 25–26).  They also note that Ms. McNamara's bankruptcy attorney is not listed on the notice's service list.  (*Id.* ¶ 26).

Breckenridge Property Fund 2016, LLC ("Breckenridge") purchased the Property at the trustee's sale on August 23, 2017, for $2,096,000, and perfected its interest in the Property by recording a Trustee's Deed Upon Sale on September 1, 2017.  (*Id.* ¶ 25, Ex. F).  After learning of the foreclosure sale, Ms. McNamara contacted Wells Fargo and was provided with a copy of the notice that was apparently sent to Plaintiffs regarding the date of the sale.  (*Id.* ¶ 26).

On September 18, 2017, Breckenridge filed an unlawful detainer action against the Plaintiffs, which ended in judgment in favor of Breckenridge and resulted in Plaintiffs' eviction from the Property.  (*Id.* ¶ 28).

### B.    Procedural History

On March 11, 2018, Plaintiffs commenced an action in this Court and alleged five claims for violations of: (1) the automatic stay pursuant 11 U.S.C. § 362; (2) the Fair Debt Collection Practices Act, 15 U.S.C. § 1962c; (3) the California Rosenthal Act, Cal. Civ. Code § 1788, *et seq.*; (4) wrongful foreclosure (5) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  (*Id.* ¶ 29).  On May 22, 2018, the Court dismissed the action, but the last two claims were dismissed without prejudice.  (*Id.* ¶ 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-7962-MWF (AGRx)                 Date:  December 7, 2018
Title:     Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

On July 30, 2018, Plaintiffs commenced this action in the Los Angeles County Superior Court against Wells Fargo, Northwest, and Breckenridge (the "State Court Action"). (*Id.* ¶ 31; Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)). Plaintiffs' Complaint asserted three claims for relief: (1) wrongful foreclosure in violation of California Civil Code section 2924(a)(3) against Wells Fargo and Northwest; (2) breach of contract against Wells Fargo; and (3) violation of the UCL against Wells Fargo. (NoR, Ex. A ¶¶ 30–45). Plaintiffs did not assert any claim against and filed a Request for Dismissal for Breckenridge. (*Id.*, Ex. B).

On September 13, 2018, Wells Fargo timely removed this action, invoking the Court's diversity jurisdiction and noting that Plaintiffs are California citizens, Wells Fargo is a South Dakota corporation, and Northwest is a Washington corporation. (NoR at 2–6).

On October 1, 2018, Plaintiffs amended their Complaint as a matter of right under Rule 15(a) to add a fourth claim for quiet title against Breckenridge and two new Defendants, Alex Ashwal and Carolyn Ashwal (the "Ashwals"). (FAC ¶¶ 44–49). The Ashwals are California citizens and currently living in Plaintiffs' allegedly wrongfully foreclosed Property. (*Id.* ¶ 5). Breckenridge, a California corporation, is alleged to "claim an adverse interest and [is] creating a cloud upon title." (*Id.* ¶ 4).

### C. Requests for Judicial Notice

Along with the Remand Motion, Plaintiffs ask the Court to take judicial notice of eight documents, seven of which are filings and orders in the State Court Action and the publicly available Trustee's Deed Upon Sale. (Docket No. 20). Along with the Dismissal Motion, Wells Fargo asks the Court to take judicial notice of fourteen documents, thirteen of which are official records of the Los Angeles County Recorder's Office and filings and orders in Plaintiffs' bankruptcy proceedings. (Docket No. 23). There was no opposition to these Requests for Judicial Notice ("RJNs").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-7962-MWF (AGRx)              Date:  December 7, 2018
Title:    Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

Because the Court does not rely upon any of the twenty-two documents to reach its decision, the RJNs are **DENIED** *as moot*.

## II.  DISCUSSION

Through their Remand Motion, Plaintiffs argue that (1) the citizenship of Wells Fargo's trustee, Northwest, should not be disregarded even though it went out of business prior to the start of this action, and (2) the FAC has included a new claim for quiet title against non-diverse Defendants, which destroys complete diversity. (Remand Mot. at 6–12).  Plaintiffs' first argument, as noted by Wells Fargo, "is irrelevant for the purposes of the [Remand Motion]," since Northwest is a Washington corporation and whether the Court disregard its citizenship has no effect on the "determination of diversity jurisdiction."  (*See* Remand Opp. at 7).  Accordingly, the Court need only address whether the newly added non-diverse Defendants, Breckenridge and the Ashwals, divest the Court of subject matter jurisdiction or otherwise require remand.

### A.  **The Original Complaint**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

Under the original Complaint, the Court had subject matter jurisdiction.  The parties do not dispute that the amount in controversy met the jurisdictional requirement or even the citizenship of the relevant parties in the action at the time of removal. (Remand Mot. at 11–12; Remand Opp. at 2–3).  There was complete diversity because Plaintiffs were California citizens, Wells Fargo was a North Dakota corporation, and Northwest was a Washington corporation.  (Compl. ¶¶ 1–3, 5; NoR at 2–6).  Therefore, removal was proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-7962-MWF (AGRx)  Date: December 7, 2018
Title: Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

### B.     The First Amended Complaint

As a general rule, the propriety of removal is evaluated based upon the state of things at the time of removal; post-removal amendments to a complaint do not render a removal that was otherwise proper at the time of removal improper. *See, e.g.*, *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."). For example, if Wells Fargo changed its citizenship, then that would not destroy diversity jurisdiction. If the action was ultimately determined to be worth less than $75,000, that would not destroy diversity jurisdiction.

The situation here, in contrast, appears to be that contemplated in 28 U.S.C. § 1447(e), which states that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Does § 1447(e) apply here? The Ninth Circuit has not answered that question. *See Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 870-71 (9th Cir. 2004) (concluding that "post-removal joinder of PG&E, a 'forum [but diverse] defendant,' did not oust the district court of subject-matter jurisdiction" but declining to "decide what the result would be if PG&E were a non-diverse defendant.").

But all California district courts and "the majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under [§] 1447(e)," the fraudulent joinder statute. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (collecting cases); *see also, e.g.*, *Sabag v. FCA US, LLC*, No. 16-cv-6639-CAS (RAOx), 2016 WL 6581154, at *3 (C.D. Cal. Nov. 7, 2016) (citing *McGrath* and "applying § 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)"); *Raifman v. Wachovia Securities, LLC*, No. 11-cv-2885-SBA, 2012 WL 1611030, at *4–5 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-7962-MWF (AGRx)                    Date:  December 7, 2018
Title:     Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

Cal. Apr. 10, 2014) (denying motion for leave to amend the complaint where "Plaintiffs incorrectly argue that the liberal policy of Rule 15(a) governs the joinder of Wells Fargo, a non-diverse defendant . . . and failed to demonstrate that joinder of Wells Fargo is appropriate under § 1447(e)"); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent [§] 1447(e) by relying on [Rule] 15(a) to join non-diverse parties.").

As noted above, § 1447(e) does not "authorize[] the district court to permit joinder of a non[-]diverse party and then dismiss the case for lack of jurisdiction." *See* Beverly Reid O'Connell & Karen L. Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Editions*, § 2:3656 (updated Mar. 2018). Rather, "[i]f the joinder that would destroy jurisdiction is allowed, ***remand is mandatory***." *Id.* (emphasis added).

## C. Remand is Proper

In applying § 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a), like here, "the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* Courts analogize to the six-factor test under Rule 19 when deciding whether to permit joinder of defendants who would otherwise destroy subject matter jurisdiction. *Negrete v. Meadowbrook Meat Co.*, No. 11-cv-1861-DOC, 2012 WL 254039, at *3 (C.D. Cal. Jan. 25, 2012). The factors are as follows:

> (1) whether the party sought to be joined as needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-7962-MWF (AGRx)                     Date:  December 7, 2018
Title:     Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

Not all factors must be considered. *See Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534–35 (N.D. Cal. 1989) (allowing joinder under § 1447(e) where motion was timely, plaintiff had stated a "facially legitimate claim" against the non-diverse defendant, and no prejudice would result to defendant from the joinder).

Here, the balance of the factors supports allowing joinder of Breckenridge and the Ashwals and remanding the case. The first, fourth, fifth, and sixth factors all weigh in favor of joinder. Plaintiffs' claim for quiet title appears facially valid and not intended solely to defeat federal jurisdiction. The Defendants are also necessary parties for adjudication, as the Ashwals currently live in and Breckenridge claims an adverse interest over the Property. (*See* FAC ¶¶ 4–5). The denial of joinder will also prejudice Plaintiffs from fully pursuing their claims.

The second factor is neutral, as there is no indication from either party if Plaintiffs' claim against Breckenridge and the Ashwals would be precluded by any statute of limitations.

The third factor weighs marginally against allowing joinder. While it does not appear that Plaintiffs unreasonably delayed in including the Ashwals, Plaintiffs originally included Breckenridge but did not assert any claim against it. Rather, Plaintiffs explained that "[a]t the time of removal, [they] were in the process of amending their [C]omplaint to address pleading deficiencies and add a title claim for Quiet Title[,] which requires Plaintiffs to name all [D]efendants who claim an adverse interest." (Remand Mot. at 11).

In sum, the Court concludes that four of the six relevant factors under § 1447(e) weigh in favor of permitting joinder and remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-7962-MWF (AGRx)                    Date: December 7, 2018
Title:     Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

Wells Fargo also cites to several cases that are all easily distinguishable for the same reason: they involve post-removal joinder of diverse defendants. (Remand Opp. at 3–6). In *Spencer*, the Ninth Circuit concluded that the "post-removal joinder of PG&E, a 'forum [and diverse] defendant,' did not oust the district court of subject-matter jurisdiction." 393 F.3d at 871. The Ninth Circuit in *Spencer* even specifically noted, similar to the Court's discussion above, the following:

> Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed. When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand.

*Id.*

In another case cited by Wells Fargo, *Diaz v. Fountain Park Partners*, the court "concluded that the subsequent addition of a forum defendant, ***which does not have the effect of destroying complete diversity***, does not deprive the court of subject matter jurisdiction or necessitate remand." No. 06-cv-1009-GAP, 2008 WL 4716911, at *2 (M.D. Fla Oct. 23, 2008) (emphasis added). Finally, in *Cottingham v. Tutor Perini Building Corporation*, the court concluded that "as in *Spencer*, diversity jurisdiction will not be destroyed if Keating is now added as a forum defendant who is ***diverse*** from both plaintiff and from Tutor Perini." No. 14-cv-2793-O, 2015 WL 6123214, at *5 (E.D. Pa. Oct. 19, 2015) (emphasis added).

Wells Fargo's repeated contention appears to be that Plaintiffs' post-removal joinder of Breckenridge and the Ashwals as non-diverse Defendants "ha[s] no effect on the validity of prior [removal] or otherwise defeat the subject matter jurisdiction of this Court." (Remand Opp. at 6). The Court, of course, agrees that the original removal was valid at the time. But as previously discussed, Wells Fargo's repeated contention does not answer whether Plaintiffs' post-removal joinder of non-diverse Defendants might otherwise require remand. Since Plaintiffs filed their FAC as a matter of right under Rule 15(a) and it appears that the inclusion of the new Defendants is proper, the Court must remand the action, as 28 U.S.C. § 1447(e) explicitly provides.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-7962-MWF (AGRx)			Date:  December 7, 2018
Title:	Keith J. McNamara, et al. v. Wells Fargo Bank, N.A., et al.

## III.  CONCLUSION

For the reasons discussed above, the Remand Motion is **GRANTED** and the Dismissal Motion is **DENIED** *as moot*.  Breckenridge and the Ashwals' pending motion to dismiss (Docket No. 28) is also **DENIED** *as moot* and the hearing, of course, is **VACATED**.  These motions to dismiss may be refiled as demurrers in Superior Court.

The Court **REMANDS** this action to the Los Angeles County Superior Court.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.